UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAIRA KHAN, ) | |
| ) | |
| Plaintiff, ) | Case: 1:24-cv-11386 |
| ) | |
| v. ) | |
| ) | Jury Trial Demanded |
| ZACHARIAS SEXUAL ABUSE CENTER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

**NOW COMES** Saira Khan ("Plaintiff"), by and through her undersigned counsel, complaining of Zacharias Sexual Abuse Center ("Defendant") as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings this action under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 *et seq.*, seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the ADA is a federal statute.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the ADA have been satisfied.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B") and Plaintiff filed this action within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Gurnee, Illinois.

8. Defendant is an entity that specializes in advocacy and counseling services to survivors of sexual abuse and assault.

9. Defendant's principal place of business operates in Gurnee, Illinois.

10. Plaintiff was employed by Defendant as an "employee" as that term is defined by the ADA.

11. During the relevant time period, Defendant had at least fifteen employees, was an "employer" as defined by ADA, and was engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## FACTUAL ALLEGATIONS

12. Plaintiff was employed by Defendant as a Director of clinical conflict team from on or about July 12, 2019, until her unlawful termination on December 15, 2023, on the basis of her disability.

13. Plaintiff suffers from post-traumatic stress disorder, attention deficit/hyperactivity disorder, anxiety and depression, recognized disabilities under the ADA.

14. Accordingly, Plaintiff is a member of a protected class under the ADA.

15. As a result of Plaintiff's disability, Plaintiff's major life activities are impacted.

16. Regardless of Plaintiff's disability, Plaintiff could and did perform the essential functions of her job with or without accommodations.

17. Plaintiff excelled at the essential functions of her job as evidenced by consistent positive performance reviews and numerous positive peer reviews.

18. Plaintiff is a "qualified individual" as defined under the ADA.

19. In or around June 2023, Plaintiff's direct boss, Sandy Williams ("Ms. Williams"), started to harass Plaintiff by micromanaging Plaintiff's tasks, making fun of Plaintiff's accent, and making fun of Plaintiff's English.

20. Plaintiff is from Pakistan and is fluent in 5 languages.

21. In or around July 2023, Plaintiff started to have panic attacks and anxiety due to the treatment from Ms. Williams.

22. Because of this treatment, Plaintiff began taking medication.

23. In September 2023, Plaintiff experienced a flare up of her disability and informed Defendant of the same.

24. As such, Plaintiff requested the reasonable accommodation of a brief disability-related leave and was approved for short-term disability for October 18, 2023, until December 15, 2023.

25. Immediately after informing Defendant of Plaintiff's need for the reasonable

accommodation of a medical leave, however, Defendant baselessly removed one of Plaintiff's accounts in a clear display of discriminatory and retaliatory animus.

26. Ms. Williams, the Executive Director, then baselessly instructed Plaintiff to begin her leave immediately on or about October 13, 2023, forcing Plaintiff out of work prematurely out of further discriminatory and retaliatory animus.

27. Plaintiff's leave was considered short term disability as Defendant stated they did not provide FMLA.

28. On November 15, 2023, Plaintiff escalated her concerns regarding the discriminatory and retaliatory animus to the Illinois Coalition Against Sexual Assault, in addition to reporting other suspected unlawful/unethical conduct.

29. Then, on December 15, 2023, Ms. Williams suddenly terminated Plaintiff, citing the pretext of "going against the company mission" in a clear display of discriminatory and retaliatory animus.

30. Thus, Defendant terminated Plaintiff while on disability-related leave as Plaintiff was set to return from leave on December 18, 2023.

31. Therefore, Defendant objectively failed to accommodate Plaintiff's disability and instead punished her for exercising her rights under the ADA.

32. Defendant's conduct in punishing Plaintiff for engaging in protected activity constitutes unlawful ADA retaliation.

33. Rather than accommodate Plaintiff's disability, Defendant opted to terminate Plaintiff's employment in order to skirt its obligations under the ADA.

34. Defendant's decision to terminate Plaintiff was not based on Plaintiff's work

performance but was instead solely based on Plaintiff's disability and Plaintiff's invocation of her rights under the ADA.

35. As a direct and proximate result of the discrimination set forth herein, Plaintiff suffered loss of employment, loss of income, financial hardship, loss of employment benefits, mental anguish, distress, severe humiliation and embarrassment, and loss of enjoyment of life.

## COUNT I
### Violation of the Americans with Disabilities Act
### (Disability-Based Discrimination)

36. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

37. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the ADA.

38. As set forth above, Plaintiff met or exceeded performance expectations.

39. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

40. As set forth above, Defendant immediately terminated Plaintiff after she requested a disability-based accommodation and therefore discriminated against Plaintiff solely based on her disability.

41. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA and Plaintiff's rights under the ADA.

42. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## COUNT II
### Violation of the Americans with Disabilities Act
### (Failure to Accommodate)

43. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

44. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of ADA.

45. Plaintiff is a qualified individual with a disability.

46. Defendant was aware of Plaintiff's disability and need for accommodations.

47. Defendant failed to engage in an interactive process to determine the appropriate accommodation after Plaintiff requested a reasonable accommodation.

48. Plaintiff's reasonable accommodation request was not an undue burden on Defendant.

49. Defendant failed to accommodate Plaintiff's disability and instead terminated Plaintiff while Plaintiff was on short term disability leave for her disability.

50. Defendant acted in willful and/or reckless disregard of Plaintiff's rights under the ADA.

51. As set forth above, Plaintiff suffered damages as a result of Defendant's failure to accommodate Plaintiff's disability.

### COUNT III
**Violation of the Americans with Disabilities Act**
**(Retaliation)**

52. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

53. During Plaintiff's employment with Defendant, Plaintiff invoked her rights under the ADA.

54. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the ADA.

55. Defendant retaliated against Plaintiff for exercising her rights under the ADA by

immediately terminating Plaintiff's employment.

56. By virtue of the foregoing, Defendant retaliated against Plaintiff for exercising her rights under the ADA.

57. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

58. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights under the ADA.

59. As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful retaliation.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests the following relief:

 a. Back pay with interest;

 b. Payment of interest on all back pay recoverable;

 c. Loss of benefits;

 d. Liquidated damages;

 e. Compensatory and punitive damages;

 f. Reasonable attorneys' fees and costs;

 g. An award of pre-judgment interest if applicable; and

 h. An award of any further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: November 5, 2024                    Respectfully submitted,

                                         ***/s/ Mohammed O. Badwan,***
                                         Mohammed O. Badwan
                                         SULAIMAN LAW GROUP, LTD.
                                         2500 South Highland Avenue
                                         Suite 200
                                         Lombard, Illinois 60148
                                         (630) 575-8180
                                         mbadwan@sulaimanlaw.com