UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAIRA KHAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:24-cv-11386 |
| | ) | |
| v. | ) | |
| | ) | Jury Trial Demanded |
| ZACHARIAS SEXUAL ABUSE CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT ZACHARIAS SEXUAL ABUSE CENTER'S
## MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

Defendant, Zacharias Sexual Abuse Center ("Z-Center"), by and through its attorneys, Freeman Mathis & Gary, LLP, and pursuant to Federal Rules of Civil Procedure 12(b)(6) moves to dismiss Count I (Discrimination under the American with Disabilities Act ("ADA"), Count II (Failure to Accommodate under the ADA), and Count III (Retaliation under the ADA). In support thereof, Z-Center states as follows:

## INTRODUCTION

Saira Khan ("Plaintiff" or "Khan") filed this three-count complaint against her former employer Z-Center. Khan alleges violations of the ADA for discrimination, failure to accommodate, and retaliation. As set forth below, each count is subject to dismissal as statutorily barred or for failure to state a claim.

## STATEMENT OF FACTS

1.      On May 4, 2024, Khan filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights

("IDHR") entitled *Saira Khan v. Zacharias Center of Sexual Abuse,* No. 2024CR2988, (**Exhibit 1**)[1]. The Charge alleged violations of the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 as a result of discriminatory actions due to Ms. Khan's "disabilities" (PTSD, ADHD, anxiety, and depression) and alleged violations of the ADA for discrimination based on Khan's "disability" and "retaliation".

2.    The parties had an EEOC Mediation on May 20, 2024, where no settlement occurred.  On September 9, 2024, the EEOC issued a Right to Sue letter stating the "EEOC is terminating its processing of this charge…This is official notice from the EEOC of the dismissal of your charge and of your right to sue." (**Exhibit 2**).

3.    In a November 12, 2024, letter the IDHR informed Sandy Williams, the CEO and Director of Z-Center, that Saira Khan is pursuing her Charge with the IDHR. (**Exhibit 3**)

4.    Soon thereafter, the IDHR realized that Khan had failed to comply with Section 775 ILCS 5/7A-102(A-1)(1)(iv) which provides that "the complainant must submit a copy of the EEOC's determination within 30 days after service of the determination by the EEOC on the complainant." Accordingly, on November 22, 2024, the IDHR issued an Order stating:

> YOU ARE HEREBY NOTIFIED that the Department has not received a timely request to review the EEOC determination of no cause. Based upon that determination, the DEPARTMENT OF HUMAN RIGHTS (Department) finds that there is a LACK SUBSTANTIAL EVIDENCE to support the allegation(s) of the charge(s). Accordingly, pursuant to Section 7A-102(A-1) (3)(a) of the Human Rights Act (775 ILCS 5/1-101 et. seq.) and its Rules and Regulations (56 Ill. Adm. Code. Chapter II, Section 2520.560), the charge is HEREBY DISMISSED and CLOSED.  (**Exhibit 4**)

---

[1]  A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. Tellabs, Inc. v. Makar Issues & Rights, Ltd. , 551 U.S. 308, 322 (2007)

5.      On November 5, 2024, Khan filed the complaint in this case containing three counts against Z-Center: Count I for Disability-Based Discrimination under the ADA, Count II for Failure to Accommodate under the ADA, and Count III for Retaliation under the ADA. (**Exhibit 5**)

6.      In Count I Khan alleges that Z- Center "intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the ADA". Specifically, Khan contends that she "was terminated solely based on her disability".(**Exhibit 5**, ¶¶37, 40)

7.      In ¶13 Khan alleges that she "suffers from post-traumatic stress disorder, attention deficit/hyperactivity disorder, anxiety and depression, recognized disabilities under the ADA".

8.      Nowhere in the complaint does Khan allege that she informed anyone at Z-Center throughout her employment: a) that she had these supposed physical or mental impairments that substantially limit one or more of her major life activities; b) that she provided Z-Center with a record of such an impairment(s); or  c) that she was being regarded as having such an impairment throughout her employment with Z-Center.

9.      The complaint fails to allege that Z-Center was made aware of any of these disabilities  prior to receiving the EEOC/IDHR Charge dated May 4, 2024, (likely because Z-Center was not made aware of any of these disabilities prior to the EEOC Charge[2]).

10.      Count II of the complaint contends that Z-Center "engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of ADA." However, the only accommodation Khan alleges in the complaint that she requested was a short-term disability leave in September 2023, and as admitted in the complaint, her request was granted. (¶24)

---

[2] In an October 12, 2023 email to the Human Resourses Department Khan references "work related PTSD" due to her supervisor's "micromanagement". However, this was the first time the issue was raised and by then her disability leave had already been approved, even though at the time Ms. Khan first requested the disability leave  PTSD was not specifically mentioned.

11.     As set forth above in ¶1 above, and evidenced by Exhibit 1, the EEOC/IDHR Charge did not include a claim for "Failure to Accommodate".

12.     Nowhere in the complaint does Khan allege that she requested an accommodation for any disability, as defined by the ADA, of Z-Center throughout her employment, aside from the short-term disability leave that was granted.

13.     Other than the request for short-term disability leave at the end of 2023, which was granted, nowhere in the complaint does Khan allege that she informed Z-Center's Human Resources Department or Management that she needs an accommodation, and that the accommodation is for a medical condition-related reason.

14.     In Count III, Khan alleges that during her "employment with Defendant, Plaintiff invoked her rights under the ADA. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the ADA".  (**Exhibit 5,** ¶53)

15.     Nowhere in the complaint does Khan explain what she did to "invoke her rights under the ADA" and how the supposed conduct was "protected conduct".

16.      Nowhere in the complaint does Khan properly plead a causal connection between any protected act and any retaliatory action by Z-Center.

## **STANDARD OF REVIEW**

A motion to dismiss under FRCP 12(b)(6) challenges the sufficiency of the complaint. *Webster v. Bunge-SCF Grain, LLC*, 2024 WL 343167 (January 30, 2024); *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint is subject to dismissal pursuant to Rule 12(b)(6) if it fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 556 U.S. 662 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A

complaint must allege enough factual matter (taken as true) to suggest a claim exists above a speculative level. *Bell Atlantic at* 556. It is insufficient to merely plead the elements of a cause of action and conclusory statements. *Camasta v. Jos. A. Bank Clothiers, Inc*., 761 F.3d 732, 736 (7th Cir. 2014).

As set forth below, the complaint in this case contains neither adequate detail nor sufficient facts to properly plead claims for discrimination, failure to accommodate, or retaliation under the ADA.

**ARGUMENT**

**I.     PLAINTIFF DID NOT AND CANNOT ALLEGE A CLAIM FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT**

For a discrimination claim under the ADA a plaintiff must allege, and ultimately prove: 1) she is disabled; 2) she is qualified to perform the essential functions of the job either with or without reasonable accommodation; 3) she suffered an adverse employment action because of her disability; and 4) similarly situated employees outside of the protected class received more favorable treatment. Americans with Disabilities Act of 1990 § 102, 42 U.S.C.A. § 12112(a); *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005); *Nese v. Julian Nordic Constr. Co*., 405 F.3d 638, 641 (7th Cir.2005); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817 (1973).  If the employee makes her prima facie case, the burden shifts to the employer to give a non-discriminatory reason for treating the employee the way it did. *Knapp v. Evgeros, Inc*., 205 F.Supp.3d 946 (2016).[3]

---

[3] Parenthetically, we note that the court in *Knapp* further held that the "ADA prohibits 'discriminat[ion] ... on the basis of disability' in making firing decisions; it does not prohibit firing people with disabilities for reasons not pertaining to the disability. 42 U.S.C. § 12112(a)

Therefore, at the outset, Khan must adequately plead, and ultimately establish, that she is "disabled" as defined by the ADA. *Moore v. J.B. Hunt Transport, Inc.*, 221 F.3d 944, 950 (7th Cir.2000); *Scheerer v. Potter*, 443 F.3d 916, 919 (7th Cir.2006).  42 USCA § 12102 defines "Disability" as:

> (A) a physical or mental impairment that substantially limits one or more major life activities of such individual;
>
> (B) a record of such an impairment;
>
> (C) being regarded as having such an impairment (as described in paragraph (3)).

Khan does not and cannot allege the necessary factors to establish that she had a "disability," as defined by the ADA, while employed by Z-Center.

### A. Khan Fails to Plead a Disability that Substantially Limits a Major Life Activity

To establish that she has a disability under the ADA Khan simply alleges that she "suffers from post-traumatic stress disorder, attention deficit/hyperactivity disorder, anxiety and depression, recognized disabilities under the ADA.  Accordingly, Plaintiff is a member of a protected class under the ADA." (**Exhibit 5**, ¶13, 14). But there are no other necessary facts alleged. Simply having an impairment is insufficient to make one "disabled" under the ADA. *E.E.O.C. v. Chevron Phillips Chemical Co*, LP, 570 F. Supp. 606 (2009). Other factors go into the determination of whether or not an impairment is a disability under the ADA.

For instance, Khan does not clarify in the complaint when any of her supposed impairments began or the duration of any of the impairments.  However, both the time period and duration of an impairment are directly tied to the determination of whether or not it meets the definition of a disability under the ABA. *Thomas v. Potter*, 325 F.Supp.2d 596, 605 (2004).(the relevant time period for having the disability is when the plaintiff is employed by the defendant);  *E.E.O.C. v.*

*Chevron Phillips Chemical Co*, LP, 570 F. Supp. 606 (2009) (a temporary, non-chronic impairment, is not a disability within the meaning of the ADA. 29 C.F.R. § 1630.2(j))

Nor are there allegations specifying how any of the alleged impairments "substantially limit one or more major life activities of such individual". Specific facts are required to show how a disability significantly limits a major life activity. "Conclusory allegations will not do." *Scheerer v. Potter*, 443 F.3d 916, 919 (7th Cir. 2005) citing *Moore v. J.B. Hunt Transp., Inc.*, 221 F.3d 944, 951–52 (7th Cir.2000).

The complaint in this case misses the mark by a long shot. The only allegation regarding the major life activities in the complaint is the following: *¶15. As a result of Plaintiff's disability, Plaintiff's major life activities are impacted.* This sparse assertion does not come close to meeting the *Scheerer* or *Moore* tests.

In *Prince v. Illinois Dept. of Revenue*, 73 F.Supp.3d 889 (2010), the defendant moved to dismiss plaintiff's complaint for discrimination and retaliation under the ADA. The defendant argued that pursuant to FRCP 12(b)(6) the plaintiff failed to state a claim upon which relief can be granted because he neither alleged that he is "disabled" under the ADA nor did he plead facts showing a causal link between any statutorily protected activity and any adverse employment action.  The court agreed with defendant, and held:

> Prince's bare allegations that he has been diagnosed with diabetes, heart conditions, and hip problems do not establish that those conditions are disabilities under the ADA, as "[n]ot every medical affliction amounts to, or gives rise to, a substantial limitation on a major life activity." *Cassimy v. Bd. of Educ. of Rockford Public Schs., Dist. No.* 205, 461 F.3d 932, 936 (7th Cir.2006) . . . . Because his Amended Complaint does not explain how, or whether, his various medical conditions substantially limit his major life activities, Prince has not sufficiently alleged that he is disabled within the meaning of the ADA. *(Id* at 893)

As in *Prince*, the complaint in this case fails to contain sufficient allegations to explain how, or whether, Khan's purported ADHD, PTSD, anxiety, or depression substantially limit her major life activities. Consequently, Khan has not sufficiently alleged that she is disabled within the meaning of the ADA.

**B. Khan Fails to Adequately Plead that Similarly Situated Employees Received More Favorable Treatment**

Finally, with respect to the fourth prong required to be proven for a claim of discrimination under the ADA, that is "similarly situated employees outside of the protected class received more favorable treatment", the only allegation in the complaint is: *¶39. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.* This bare-bones assertion is wholly inadequate to satisfy the requirement that a complaint must to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 556 U.S. 662, 678 (2009).

For all of the foregoing reasons, it is abundantly clear that Plaintiff failed to adequately allege facts to support a claim for discrimination based upon a disability under the ADA and Count I should be dismissed pursuant to Rule 12(b) (6).

## II. COUNT II IS BARRED BY THE "EXHAUSTION RULE"

An aggrieved employee cannot bring an ADA claim in federal court that she did not include in an EEOC or IDHR charge. *Flores v Board of Trustees of Comm College*, 103 F.Supp.3d 943 (2015). This rule is called the "exhaustion rule." *Herrera v. Di Meo Brothers, Inc*., 529 F.Supp.3d. 819 (2021). The purpose of the exhaustion rule is to ensure that employers have "some warning of the conduct about which the employee is aggrieved, and it affords the agency and the employer an opportunity to attempt a conciliation without resort to the Court*." Rush v.*

*McDonald's Corp.*, 966 F. 2d 1104, 1110 (7th Cir. 1992); Tamayo *v. Blagojevich*, 526 F. 3d 1074, 1079 (7th Cir. 2008).

    The failure to exhaust argument is appropriate at the motion to dismiss stage. *Hale v Bd Of Trustees of So. Ill. U School of Medicine,* 219 F.Supp.3d 860 (2016); *McQueen v. City of Chicago*, 803 F. Supp. 2d 892 (2011); *Leskovec v. Circuit Works Corp.,* 2008 WL 5236006, at *2 (N.D. Ill. Dec. 15, 2008) ("Although failure to exhaust administrative remedies is an affirmative defense, when a plaintiff pleads facts showing that his claim is barred by that defense, it is appropriate to address it in the context of a motion to dismiss.")

    Khan's EEOC/IDHR Charge alleges that Z-Center *discriminated* against her and *retaliated* against her. Specifically, in the charge she contends that:

> Zacharias Sexual Abuse Center ("Zacharias") discriminated against me on the basis of my disabilities (post-traumatic stress disorder, attention deficit/hyperactivity disorder, anxiety, depression). In September 2023, I experienced a flare in my disability and informed Zacharias of the same. As such, I required the reasonable accommodation of a brief disability-related leave and was approved for short-term disability from October 18, 2023, until December 15, 2023. On November 15, 2023.. . . however, Zacharias baselessly removed one of my accounts in a clear display of **discriminatory and retaliatory** animus. . . .
>
> I escalated my concerns regarding the discriminatory and retaliatory animus to the Illinois Coalition Against Sexual Assault, in addition to reporting other suspected unlawful/unethical conduct. Then, on December 15, 2023, Ms. Williams suddenly terminated me, citing the pretext of "going against the company mission" in a clear display of **discriminatory and retaliatory animus**. (Emphasis added.)

    Here, Khan's charge focused solely on allegations of discrimination and retaliation and made no mention of a failure to accommodate. Neither the Charge nor the Right to Sue letter issued by the EEOC references a Failure to Accommodate claim. Count II for Failure to Accommodate is barred under the exhaustion rule because Khan did not include this claim in her EEOC charge.

Furthermore, under the ADA, an employee who needs an accommodation because of a disability: 1) has the responsibility of informing her employer of the need for the accommodation, and 2) must explain that the adjustment in working conditions or duties she is seeking is for a medical condition-related reason. *See*, Americans with Disabilities Act of 1990, §2 et seq., 42 U.S.C.A. §12101 et seq.; 29 C.F.R. §1630.2(o)(1)(ii).; *E.E.O.C. v. Chevron Phillips Chemical Co, LP*, 570 F. Supp. 606 (2009). Therefore, to properly plead a claim for failure to accommodate a plaintiff must allege facts regarding the details of their disclosure to their employer that they need an accommodation and that the need for the accommodation was for a "medical condition-related reason".

Count II contains nothing addressing either requirement. Instead, it merely alleges that:

46. Defendant was aware of Plaintiff's disability and need for accommodations.
47. Defendant failed to engage in an interactive process to determine the appropriate accommodation after Plaintiff requested a reasonable accommodation.
48. Plaintiff's reasonable accommodation request was not an undue burden on Defendant.
49. Defendant failed to accommodate Plaintiff's disability and instead terminated Plaintiff while Plaintiff was on short term disability leave for her disability.

No allegations in Count II references any request Khan made to Z-Center for an accommodation, other than the short-term disability leave – which was granted – and no allegations discuss Khan's explanation of an accommodation she requested being for a medical condition-related reason.

Accordingly, Count II should be dismissed because: 1) Courts have long held that an aggrieved employee cannot bring an ADA claim in federal court if it was not first presented to the EEOC or a state agency. *See Tamayo*, 526 F.3d at 1089.; and 2)  Count II fails to state a cause of action because it does not allege the two requirements for a claim for failure to accommodate under

the ADA, that Plaintiff made the request for the accommodation and that Plaintiff explained to Z-Center that the accommodation she requested was for a medical condition-related reason.

### III. COUNT III FOR RETALIATION FAILS TO STATE A CAUSE OF ACTION AND SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(6)

To state a claim for retaliation under the ADA, the plaintiff must allege that: (1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment action; and (3) there was a causal link between the protected activity and the employer's action. *See,* Americans with Disabilities Act of 1990 § 503, 42 U.S.C.A. § 12203(a); *Li v. Fresenius Kabi USA, LLC,* 110 F.4th 988, 997 (2024); *Prince v. Illinois Dept. of Revenue*, 73 F.Supp.3d 889, 894 (2010); *Hale v. Pace,* 2011 WL 1303369, *6  (N.D. Ill. 2011).

Establishing the necessary causal link to support an ADA retaliation claim requires allegations that the employer would not have taken the adverse action but for the protected expression. Americans with Disabilities Act of 1990 § 503, 42 U.S.C.A. § 12203(a). *Prince v. Illinois Dept. Of Revenue*, 73 F.Supp.3d 889 (2010);

In *Prince,* the plaintiff contends that he was retaliated against by being suspended from his job because he complained about his employer's failure to accommodate his alleged disabilities. The court, however, held that the plaintiff failed to state a claim for retaliation under the ADA. Specifically, the court ruled:

There must be allegations of a causal link between the adverse employment action and the protected activity, however. See, e.g., *Amrhein v. Health Care Serv. Corp.*, 546 F.3d 854, 858 (7th Cir.2008). Establishing this causal link, as in Title VII cases, requires allegations "that the employer would not have taken the adverse action 'but for' the protected expression." *Johnson v. City of Fort Wayne, Ind.* 91 F.3d 922, 939 (7th Cir.1996). Here, however, Prince does not allege that the people to whom he complained about his discrimination had anything to do with his suspension, and does not clearly explain the basis for his belief (beyond suspicious timing) that there was a causal link between his complaints of discrimination and the allegedly retaliatory actions that were taken against him. As a result, he has failed to state a claim for retaliation, and IDR's Motion to Dismiss his ADA retaliation claims is granted. (*Id* at 894)

As in *Prince*, Count III fails to contain any specific facts as to what the "protected conduct" was, the adverse employment action that is the subject of Count III, or the casual link between the adverse action and the protected activity. Instead, Count III simply alleges the following:

53.     During Plaintiff's employment with Defendant, Plaintiff invoked her rights under the ADA.

54.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the ADA,

55.     Defendant retaliated against Plaintiff for exercising her rights under the ADA by immediately terminating Plaintiff's employment.

56.     By virtue of the foregoing, Defendant retaliated against Plaintiff for exercising her rights under the ADA.

57.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

58.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights under the ADA.

These generic allegations do not satisfy the pleading standard set forth in *Prince* or *Hal.* Also instructive on the issue is the recent Seventh Circuit Court decision in *Li v. Fresenius Kabi USA, LLC,* 110 F. 4th 988 (2024). In *Li* the Seventh Circuit upheld the district court's order granting summary judgement for the defendant on plaintiff's claims for discrimination and retaliation under the ADA arising from defendant's termination of plaintiff's employment. When discussing the retaliation claim the Court stated:

> An employee bringing a retaliation claim against an employer must present evidence of '(1) a statutorily protected activity; (2) a materially adverse action taken by the employer; and (3) a causal connection between the two.' *Abebe v. Health & Hosp. Corp. of Marion County*, 35 F.4th 601, 607 (7th Cir. 2022)" .
> . . .
> But Li presented no evidence evincing any retaliatory intent on the part of Fresenius other than the temporal proximity between her filing of the charges and her termination. . . . the "general rule" is that "temporal proximity between an employee's protected activity and an adverse employment action is rarely sufficient to show that the former caused the latter" without additional facts. *Coleman v. Donahoe,* 667 F.3d 835, 860 (7th Cir. 2012).

Just like the *Li* case, there is nothing alleged in the complaint connecting any "protected activity" to any alleged "adverse employment action". In fact, Count III does not specify what the protected act was that plaintiff engaged in, or what the adverse employment action was, and thus there was no mention of a causal connection between the two unknowns.

For the foregoing reason, Count III fails to state a claim for retaliation and should be dismissed pursuant to FRCP 12(b)(6).

## <u>CONCLUSION</u>

For the reasons stated above, Count I fails to state a claim and should be dismissed, Count II is barred by the exhaustion rule, and also fails to state a claim and should be dismissed, and Count III fails to state a claim and should be dismissed.

Respectfully submitted,

By: */s/ Joanne M. Matousek*
Joanne M. Matousek

Kingshuk K. Roy (ARDC #:6279722)
Joanne M. Matousek (ARDC #:6196682)
FREEMAN MATHIS & GARY, LLP
33 N. Dearborn St., Suite 1430
Chicago, IL 60602
Tel. (312) 971-8645
Kingshuk.Roy@fmglaw.com
Joanne.Matousek@fmglaw.com