UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAIRA KHAN, | ) |
| Plaintiff, | ) Case: 1:24-cv-11386 |
| v. | ) |
| | ) Jury Trial Demanded |
| ZACHARIAS SEXUAL ABUSE CENTER, | ) |
| Defendant. | ) |

## COMPLAINT

**NOW COMES** Saira Khan ("Plaintiff"), by and through her undersigned counsel, complaining of Zacharias Sexual Abuse Center ("Defendant") as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings this action under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 *et seq.*, seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the ADA is a federal statute.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

EXHIBIT 5

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the ADA have been satisfied.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B") and Plaintiff filed this action within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Gurnee, Illinois.

8. Defendant is an entity that specializes in advocacy and counseling services to survivors of sexual abuse and assault.

9. Defendant's principal place of business operates in Gurnee, Illinois.

10. Plaintiff was employed by Defendant as an "employee" as that term is defined by the ADA.

11. During the relevant time period, Defendant had at least fifteen employees, was an "employer" as defined by ADA, and was engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## FACTUAL ALLEGATIONS

12. Plaintiff was employed by Defendant as a Director of clinical conflict team from on or about July 12, 2019, until her unlawful termination on December 15, 2023, on the basis of her disability.

2

13. Plaintiff suffers from post-traumatic stress disorder, attention deficit/hyperactivity disorder, anxiety and depression, recognized disabilities under the ADA.

14. Accordingly, Plaintiff is a member of a protected class under the ADA.

15. As a result of Plaintiff's disability, Plaintiff's major life activities are impacted.

16. Regardless of Plaintiff's disability, Plaintiff could and did perform the essential functions of her job with or without accommodations.

17. Plaintiff excelled at the essential functions of her job as evidenced by consistent positive performance reviews and numerous positive peer reviews.

18. Plaintiff is a "qualified individual" as defined under the ADA.

19. In or around June 2023, Plaintiff's direct boss, Sandy Williams ("Ms. Williams"), started to harass Plaintiff by micromanaging Plaintiff's tasks, making fun of Plaintiff's accent, and making fun of Plaintiff's English.

20. Plaintiff is from Pakistan and is fluent in 5 languages.

21. In or around July 2023, Plaintiff started to have panic attacks and anxiety due to the treatment from Ms. Williams.

22. Because of this treatment, Plaintiff began taking medication.

23. In September 2023, Plaintiff experienced a flare up of her disability and informed Defendant of the same.

24. As such, Plaintiff requested the reasonable accommodation of a brief disability-related leave and was approved for short-term disability for October 18, 2023, until December 15, 2023.

25. Immediately after informing Defendant of Plaintiff's need for the reasonable

3

accommodation of a medical leave, however, Defendant baselessly removed one of Plaintiff's accounts in a clear display of discriminatory and retaliatory animus.

26. Ms. Williams, the Executive Director, then baselessly instructed Plaintiff to begin her leave immediately on or about October 13, 2023, forcing Plaintiff out of work prematurely out of further discriminatory and retaliatory animus.

27. Plaintiff's leave was considered short term disability as Defendant stated they did not provide FMLA.

28. On November 15, 2023, Plaintiff escalated her concerns regarding the discriminatory and retaliatory animus to the Illinois Coalition Against Sexual Assault, in addition to reporting other suspected unlawful/unethical conduct.

29. Then, on December 15, 2023, Ms. Williams suddenly terminated Plaintiff, citing the pretext of "going against the company mission" in a clear display of discriminatory and retaliatory animus.

30. Thus, Defendant terminated Plaintiff while on disability-related leave as Plaintiff was set to return from leave on December 18, 2023.

31. Therefore, Defendant objectively failed to accommodate Plaintiff's disability and instead punished her for exercising her rights under the ADA.

32. Defendant's conduct in punishing Plaintiff for engaging in protected activity constitutes unlawful ADA retaliation.

33. Rather than accommodate Plaintiff's disability, Defendant opted to terminate Plaintiff's employment in order to skirt its obligations under the ADA.

34. Defendant's decision to terminate Plaintiff was not based on Plaintiff's work

4

performance but was instead solely based on Plaintiff's disability and Plaintiff's invocation of her rights under the ADA.

35. As a direct and proximate result of the discrimination set forth herein, Plaintiff suffered loss of employment, loss of income, financial hardship, loss of employment benefits, mental anguish, distress, severe humiliation and embarrassment, and loss of enjoyment of life.

## COUNT I
### Violation of the Americans with Disabilities Act
### (Disability-Based Discrimination)

36. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

37. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the ADA.

38. As set forth above, Plaintiff met or exceeded performance expectations.

39. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

40. As set forth above, Defendant immediately terminated Plaintiff after she requested a disability-based accommodation and therefore discriminated against Plaintiff solely based on her disability.

41. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA and Plaintiff's rights under the ADA.

42. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## COUNT II
### Violation of the Americans with Disabilities Act
### (Failure to Accommodate)

5

43. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

44. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of ADA.

45. Plaintiff is a qualified individual with a disability.

46. Defendant was aware of Plaintiff's disability and need for accommodations.

47. Defendant failed to engage in an interactive process to determine the appropriate accommodation after Plaintiff requested a reasonable accommodation.

48. Plaintiff's reasonable accommodation request was not an undue burden on Defendant.

49. Defendant failed to accommodate Plaintiff's disability and instead terminated Plaintiff while Plaintiff was on short term disability leave for her disability.

50. Defendant acted in willful and/or reckless disregard of Plaintiff's rights under the ADA.

51. As set forth above, Plaintiff suffered damages as a result of Defendant's failure to accommodate Plaintiff's disability.

### COUNT III
### Violation of the Americans with Disabilities Act
### (Retaliation)

52. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

53. During Plaintiff's employment with Defendant, Plaintiff invoked her rights under the ADA.

54. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the ADA.

55. Defendant retaliated against Plaintiff for exercising her rights under the ADA by

6

immediately terminating Plaintiff's employment.

56. By virtue of the foregoing, Defendant retaliated against Plaintiff for exercising her rights under the ADA.

57. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

58. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights under the ADA.

59. As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful retaliation.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests the following relief:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Loss of benefits;

    d. Liquidated damages;

    e. Compensatory and punitive damages;

    f. Reasonable attorneys' fees and costs;

    g. An award of pre-judgment interest if applicable; and

    h. An award of any further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: November 5, 2024					Respectfully submitted,


							***/s/ Mohammed O. Badwan,***
							Mohammed O. Badwan
							SULAIMAN LAW GROUP, LTD.
							2500 South Highland Avenue
							Suite 200
							Lombard, Illinois 60148
							(630) 575-8180
							mbadwan@sulaimanlaw.com

8

# Exhibit A

EEOC Form 5 (11/09)

|  |  |
|---|---|
| # CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:     Agency(ies) Charge No(s):<br>[X] FEPA<br>[X] EEOC |

Illinois Department of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Ms. Saira Khan | ███ | ███ |

| Street Address | City, State and ZIP Code |
|---|---|
| ███ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| Zacharias Sexual Abuse Center | 15+ | (847) 244-1187 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4275 Old Grand Ave, Gurnee, IL 60031 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
|  |  |  |

| Street Address | City, State and ZIP Code |
|---|---|
|  |  |

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

[ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[X] RETALIATION   [ ] AGE   [X] DISABILITY   [ ] GENETIC INFORMATION
[ ] OTHER *(Specify)*

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 09/01/2023    Latest: 12/15/2023
[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

**Statement of Harm:** Zacharias Sexual Abuse Center ("Zacharias") discriminated against me on the basis of my disabilities (post-traumatic stress disorder, attention deficit/hyperactivity disorder, anxiety, depression).

In September 2023, I experienced a flare in my disability and informed Zacharias of the same. As such, I required the reasonable accommodation of a brief disability-related leave and was approved for short-term disability from October 18, 2023, until December 15, 2023. Immediately after informing Zacharias of my need for the reasonable accommodation of a medical leave, however, Zacharias baselessly removed one of my accounts in a clear display of discriminatory and retaliatory animus. Sandy Williams (Executive Director) then baselessly instructed me to begin my leave immediately, forcing me out of work prematurely out of further discriminatory and retaliatory animus.

On November 15, 2023, I escalated my concerns regarding the discriminatory and retaliatory animus to the Illinois Coalition Against Sexual Assault, in addition to reporting other suspected unlawful/unethical conduct. Then, on December 15, 2023, Ms. Williams suddenly terminated me, citing the pretext of "going against the company mission" in a clear display of discriminatory and retaliatory animus.

**Continued on page 2**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 03 / 08 / 2024     *[signature]*<br>Date         Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

Doc ID: 1be475cc7d4899f3ebd22b05f28323fbe3071b3f

EEOC Form 5 (11/09)

|  |  |  |
|---|---|---|
| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>**X** FEPA<br>**X** EEOC | Agency(ies) Charge No(s): |
| Illinois Department of Human Rights<br>*State or local Agency, if any* | | and EEOC |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**Continued from page 1**

Clearly, this termination was clearly discriminatory and retaliatory. Zacharias terminated me while on my disability-related leave, demonstrating a clear discriminatory and retaliatory animus for my disability and need for reasonable accommodations. Additionally, the temporal proximity between my protected escalations and my termination demonstrates a clear retaliatory animus for my protected activity. Thus, Zacharias clearly terminated me out of discriminatory animus for her disability and retaliatory animus for my protected activities.

A person with a disability is defined as:

1. A person with a physical or mental impairment that substantially limits one or more major life activities; or
2. A person with a record of such a physical or mental impairment; or
3. A person who is regarded as having such an impairment.

I qualify as a person with a disability as defined by one or more of the above.

**Statement of Discrimination:** I believe I have been discriminated against because of my disabilities in violation of Title I of the Americans with Disabilities Act of 1990 and the Illinois Human Rights Act.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 03 / 08 / 2024          *[signature]*<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

Doc ID: 1be475cc7d4899f3ebd22b05f28323fbe3071b3f

 **Dropbox** Sign                                                                 Audit trail

| | |
|---|---|
| Title | Charge of Discrimination |
| File name | S. Khan.docx |
| Document ID | 1be475cc7d4899f3ebd22b05f28323fbe3071b3f |
| Audit trail date format | MM / DD / YYYY |
| Status | • Signed |

## Document History

**SENT** — 03 / 08 / 2024, 17:42:42 UTC — Sent for signature to Saira Khan (sairasial8396@outlook.com) from megan.wells@spielbergerlawgroup.com
IP: 97.76.108.178

**VIEWED** — 03 / 08 / 2024, 17:48:13 UTC — Viewed by Saira Khan (sairasial8396@outlook.com)
IP: 172.59.188.70

**SIGNED** — 03 / 08 / 2024, 17:49:22 UTC — Signed by Saira Khan (sairasial8396@outlook.com)
IP: 172.59.188.70

**COMPLETED** — 03 / 08 / 2024, 17:49:22 UTC — The document has been completed.

Powered by **Dropbox** Sign

# Exhibit B



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Chicago District Office**
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/09/2024

**To:** Ms. Saira W. Khan

Charge No: 440-2024-01300

EEOC Representative and email:  SETH BROWN
Investigator
seth.brown@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 440-2024-01300.

On behalf of the Commission,

Digitally Signed By: Amrith Kaur Aakre
09/09/2024

Amrith Kaur Aakre
District Director

**Cc:**
Sandy T Williams
Zacharias Sexual Abuse Center
4275 OLD GRAND AVE
Gurnee, IL 60031

Kate Ferry
Freeman Mathis & Gray LLP
33 North Dearborn Street Suite 1430
Chicago, IL 60602

Joanne Matousek
Freeman Mathis & Gary LLP
33 N Dearborn St Ste 1430
Chicago, IL 60602

Zane Herman
Spielberger Law Group
4890 W Kennedy Blvd #950
Tampa, FL 33609


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

**HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS**

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 440-2024-01300 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Amrith Kaur Aakre, 230 S Dearborn Street , Chicago, IL 60604.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 440-2024-01300 to the District Director at Amrith Kaur Aakre, 230 S Dearborn Street , Chicago, IL 60604.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

- **Only one** major life activity need be substantially limited.

- Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.