UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAIRA KHAN, | |
| Plaintiff, | No. 24 C 11386 |
| v. | Judge Thomas M. Durkin |
| ZACHARIAS SEXUAL ABUSE CENTER, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Saira Khan alleges that her former employer, Zacharias Sexual Abuse Center, discriminated against her based on her disabilities, failed to accommodate her, and retaliated against her, in violation of the Americans with Disabilities Act and the Illinois Human Rights Act. Zacharias moves to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6). That motion is denied in part and granted in part.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual

allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Facial plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

## Background

Khan alleges she has post-traumatic stress disorder, attention deficit/hyperactivity disorder, anxiety, and depression. R. 18 ¶¶ 17-25. In July 2023, Khan submitted a doctor's note disclosing her disabilities to her supervisor and Zacharias's human resources department. *Id.* ¶ 36. In September 2023, Khan requested a three-month disability leave as a "reasonable accommodation" and Zacharias approved her leave from October 18, 2023, to December 18, 2023. *Id.* ¶¶ 37-38.

After informing Zacharias of her need for leave, Khan alleges Zacharias removed her access to one of the work accounts and prematurely forced her to begin her leave on October 13, 2023. *Id.* ¶¶ 41-42. On December 15, 2023, three days before her planned return to work, Khan was terminated by her supervisor for "going

2

against the company mission." *Id.* ¶ 45. Based on these allegations, Khan brings claims that the termination was a pretext for disability-based discrimination, failure to accommodate, and retaliation. *Id.* ¶¶ 46-50.

## Analysis

### I. Americans with Disabilities Act

In order to state a claim for disability discrimination under the Americans with Disabilities Act ("ADA"), a plaintiff "must plead sufficient facts supporting an inference that the [defendant] discriminated against [her] on the basis of disability." *Roberts v. City of Chicago*, 817 F.3d 561, 565 (7th Cir. 2016). Accordingly, a plaintiff must sufficiently allege that the defendant would not have taken the alleged adverse action "but for" the plaintiff's disability. *See id.* More specifically, to state an ADA discrimination claim, Khan "must allege (1) she is disabled within the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) her disability caused her to suffer an adverse employment action." *Gray v. ManorCare Health Servs., LLC*, 2022 WL 16570962, at *3 (N.D. Ill. Nov. 1, 2022).

#### A. Discrimination

Zacharias argues that Khan has not plausibly alleged that she is a "qualified individual" under the ADA because she has not alleged that she can "perform the essential functions of the employment position." *See* R. 24 at 7. Zacharias argues further that Khan's allegations that her "disabilities cause her to lack control of her physical movement, lack the ability to care for herself, have difficulty focusing, have

3

trouble concentrating, have a short attention span, have social delays, have issues with her physical movement, and have suicidal ideations, among other things," demonstrate that Khan is unable to "perform that essential functions" of her job. *Id.* at 8.

Contrary to Zacharias's argument, however, Khan alleges that she received "numerous favorable performance reviews and promotion from Supervisor to Director of Counseling." R. 18 ¶ 29. She argues that these allegations plausibly demonstrate that she was able to perform her "essential job functions" despite her disability. Whether this is true is a question of fact not to be decided under Rule 12(b)(6).

Zacharias also argues that Khan's claim must fail because she has not sufficiently alleged that she was treated differently from similarly situated employees. But Khan is not required to make such allegations in order to state a claim. *See Carlson*, 758 F.3d at 827 ("The plaintiff is not required to include allegations—such as the existence of a similarly situated comparator—that would establish a prima facie case of discrimination under the 'indirect' method of proof."); *see also Garrett v. Fam. First Ctr. of Lake Cnty.*, No. 23 C 17074, 2024 WL 1858863, at *2 (N.D. Ill. Apr. 29, 2024); *Rankin v. Chicago Park Dist.*, 2020 WL 6132235, at *5 (N.D. Ill. Oct. 19, 2020). Demonstrating a difference in treatment from similarly situated employees is a common way of defeating a motion for summary judgment, but it is not required to state a claim. Rather, Khan must only plausibly allege that she was discriminated against because of her disability. Zacharias does not argue that Khan has failed to make such allegations.

4

B.  **Failure to Accommodate**

Next, Zacharias argues that Khan's failure to accommodate claim must be dismissed because she failed to include it in her EEOC charge. But the plain language of the charge is to the contrary:

> In September 2023, I experienced a flare in my disability and informed Zacharias of the same. As such, I required the reasonable accommodation of a brief disability-related leave and was approved for short-term disability from October 18, 2023, until December 15, 2023. . . . Zacharias terminated me while on my disability-related leave . . . .

*See* R. 18-1 at 2. Courts have held that termination during leave granted as a reasonable accommodation can state a claim for failure to accommodate. *See, e.g., Nache v. BNSF Ry. Co.,* 2024 WL 945299, at *7 (C.D. Ill. Mar. 5, 2024); *Schultz v. Indiana Univ. Health, Inc.,* 2025 WL 713547, at *3 (S.D. Ind. Mar. 5, 2025). Zacharias initially granted Khan's leave, which provides a basis to reasonably infer that Zacharias believed the leave was a reasonable accommodation. Zacharias's allegedly arbitrary and unilateral revocation of leave that Zacharias had apparently initially found to be reasonable, is a sufficient basis to state a claim for failure to provide a reasonable accommodation. For this reason, Khan's statement that she was fired while on leave shows that she administratively exhausted her failure to accommodate claims. And that allegation is also sufficient to state a claim for failure to accommodate.

C.  **Retaliation**

Regarding Khan's retaliation claims, Zacharias argues that Khan "fails to [allege] any specific facts as to what statutorily protected activity Khan was engaged

5

in or any specific allegations of a causal link between a purported protected activity and an adverse action." R. 24 at 15. To the contrary, however, Khan alleges that Zacharias granted her leave to accommodate her disability and fired her during that leave. Taking leave as a reasonable accommodation is a protected activity, and terminating Khan's employment is an adverse action that Khan alleges was taken in response to her taking the leave. These allegations plausibly allege a claim for retaliation.

## II.  Illinois Human Rights Claims

Zacharias does not dispute that Khan administratively exhausted her ADA claims with the federal EEOC. But Khan concedes that she failed to timely forward the right to sue letter she received from the EEOC to the Illinois Department of Human Rights. This is a requirement for administrative exhaustion of discrimination claims under Illinois law. *See Jafri v. Signal Funding LLC*, No. 19 C 645, 2019 WL 4824883 (N.D. Ill. Oct. 1, 2019). Khan cites a single district court case to the contrary, which is not binding on this court, and it is unpersuasive for the reasons this Court previously articulated in *Jafri*. Therefore, Khan's claims under Illinois law are dismissed for failure to exhaust.

**Conclusion**

Therefore, Zacharias's motion to dismiss [23] is denied in part and granted in part. The motion is denied with respect to Khan's federal claims and is granted with respect to Khan's Illinois law claims. The parties should meet and confer and file a status report including an agreed discovery schedule by 9/3/2025.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: August 20, 2025